UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                          Case No. 12-20372

v.

                                          Hon. John Corbett O'Meara

CALVIN KENNEDY,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION IN SENTENCE**

Before the court is Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582. Defendant Calvin Kennedy pleaded guilty to conspiracy to possess with intent to distribute and to distribute more than 500 grams of cocaine. On January 10, 2014, the court sentenced him to 60 months in prison, the statutory mandatory minimum. See 21 U.S.C. § 841(b)(1)(B)(ii).

Defendant seeks a reduction in sentence based upon Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities

described in §§ 2D1.1 and 2D1.11. See U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014).

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the statute provides an exception for defendants who have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Defendant's sentence was not based upon a sentencing range that was subsequently lowered by the Sentencing Commission. Rather, his sentence was based upon the statutory mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(B)(ii), which is unaffected by Amendment 782. As a result, Defendant is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Johnson, 564 F.3d 419, 423 (6th Cir.), cert. denied, 558 U.S. 920 (2009) (defendant not eligible for sentence reduction when he received the statutory mandatory minimum); United States v. McPherson, 629 F.3d 609, 611 (6th Cir. 2011) (same).

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for

reduction in sentence is DENIED.

                                                  s/John Corbett O'Meara  
                                                  United States District Judge

Date: October 5, 2017

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 5, 2017, using the ECF system and/or ordinary mail.

                                                  s/William Barkholz  
                                                  Case Manager